IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:14-CR-64-JDK |
| BOBBY EUGENE JONES, III (5) | § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On December 2, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Aiding and Abetting, a Class B felony, Defendant Bobby Eugene Jones, III was sentenced on August 24, 2016 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 60 to 63 months. Defendant was sentenced to 60 months of imprisonment, followed by a 4-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse testing and treatment.

The case was re-assigned to United States District Judge Jeremy D. Kernodle on March 12, 2019. Defendant completed his term of imprisonment and started his term of supervised release on November 8, 2019.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 27, 2021, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition):  The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant received a citation from the Gilmer Police Department for the offense of Possession of Drug Paraphernalia, a Class C Misdemeanor, on May 29, 2021.

2. **Allegation 2 (standard condition 2):  The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.**  It is alleged that Defendant failed to report as instructed to the Tyler Supervision Office on May 24, 2021 and July 7, 2021.

3. **Allegation 3 (standard condition 5):  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.**  It is alleged that Defendant failed to work regularly at a lawful occupation since May 2021.

4. **Allegation 4 (standard condition 6):  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**  It is alleged that Defendant failed to notify the probation officer of his change in residence on or about April 30, 2021 and June 1, 2021.

5. **Allegation 5 (standard condition 7):  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant received a citation from the Gilmer Police Department on May 29, 2021 for Possession of a Drug Paraphernalia, namely a glass pipe and two syringes.  It is also alleged that Defendant submitted a urine specimen on June 24, 2021 that tested positive for Codeine and Morphine.

6. **Allegation 6 (standard condition 9):  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**  It is alleged that Defendant was found to be associating with Hope Wadlington, a person he admits is engaged in criminal activity, on May 29, 2021.

7. **Allegation 7 (special condition):  The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of**

**Prison's guidelines.** It is alleged that Defendant was unsuccessfully discharged from the County Rehabilitation Center on July 7, 2021 after testing positive for the use of illegal drugs.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

### *Hearing*

On December 2, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 8 months of imprisonment with no further supervised release. After the Court explained to

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation for designation at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 8 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 8 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 8 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 2nd day of December, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE